UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

JASON DEAN BORDEN                                                   PLAINTIFF

v.                                                 CIVIL ACTION NO. 1:09CV-P113-M

THOMAS O. CASTLEN                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Jason Dean Borden, proceeding *pro se* and *in forma pauperis*, filed the initiating document for this case on a motion form seeking injunctive relief against Defendant Thomas O. Castlen (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff states that Defendant Castlen was appointed as second special judge for Warren Circuit Court Division II in case numbers 07-cr-162 and 07-cr-93 as well civil suits attacking those criminal cases. He alleges that Defendant's decisions reflect severe prejudice as compared to the first special judge who was elected to the appellate court and had to withdraw. He states that Defendant refuses to recognize the repeated requests for appointed counsel without a conflict of interest. He further states: "Judge Thomas O. Castlen, being so advised of violations of my rights has issued insults, shown prejudice, and has adopted using Order to force me to no file any petitions of my behalf unless its supplemented by counsel." He further alleges that he believes that given previous violations of his due process rights that Defendant Castlen's actions reflect prejudice. He asserts, "I am entitled to counsel for direct appeal and Thomas O. Castlen refuses to order such, and to force me to retain counsel with conflict of interest." He asks for

injunctive relief in the form of an order restraining Defendant Castlen from further violating Plaintiff's rights.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff does not state a claim against Defendant Castlen under 42 U.S.C. § 1983, the statutory provision under which alleged constitutional violations must be brought. *See Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) (holding that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government), *vacated on other grounds*, 488 U.S. 1036 (1989). Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*." Plaintiff does not allege any facts suggesting that a

declaratory decree was violated or that declaratory relief was unavailable. Furthermore, the injunctive relief sought by Plaintiff does not address the actions of Defendant Castlen other than in his judicial capacity. Therefore, Plaintiff's claims will be dismissed by separate Order. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (holding that claim for injunctive relief against state judge in his judicial capacity barred because plaintiff had not alleged violation of declaratory decree or that declaratory relief was unavailable); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 448 (E.D. Mich. 2006) (where plaintiff had not alleged that judicial defendants violated a declaratory decree or that declaratory relief was unavailable, claim for injunctive relief barred).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action for failure to state a claim.

Date:


cc: Plaintiff, *pro se*
    Defendant
4414.009